UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,

    Plaintiff,

v.                                  Case No. 3:17cv139-MCR-CJK

HENNING, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint. (Doc. 1). The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint and plaintiff's litigation history, the undersigned concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Plaintiff is a former inmate of the Escambia County Jail. After being released from the jail, plaintiff brought this § 1983 action against 3 of the jail's medical personnel, alleging they violated the Eighth Amendment by failing to adequately treat his chronic pain.

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page 4

of the civil rights complaint form plaintiff completed, Sections IV(C) and (D), Previous Lawsuits, are the following questions: (1) "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and (2) "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Questions (C) and (D), plaintiff marked "No." (*Id.*). At the end of the complaint, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 8). Thus, plaintiff has in effect stated that at the time he filed the complaint, he had not: (1) filed any actions in federal court about the conditions of his confinement; or (2) had

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. Plaintiff answered "No," to both these questions. (Doc. 1, p. 3).

Case No. 3:17cv139-MCR-CJK

any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff initiated this action, he had filed 4 cases while confined in the Florida Department of Corrections that required disclosure: (1) *Harvey v. Teal*, N.D. Fla. Case No. 5:08cv339-RH-AK, a civil rights action alleging excessive use of force dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) *Harvey v. Andem*, N.D. Fla. Case No. 3:09cv402-WS-CJK, a civil rights action alleging inadequate medical treatment and retaliation resolved by a settlement; (3) *Harvey v. Plowman*, N.D. Fla. Case No. 3:11cv437-MW-CJK, a civil rights action dismissed before service under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and (4) *Harvey v. Robinett*, N.D. Fla. Case No. 3:11cv439-MCR-EMT, a civil rights action alleging retaliation and denial of outdoor exercise dismissed due to plaintiff's failure to comply with orders of the court and failure to prosecute. These cases may be positively identified as having

been filed by plaintiff because they bear his FDOC inmate number, DC # P29639. Plaintiff did not disclose these prior federal actions despite the complaint form's clear instructions. (Doc. 1, p. 3-4).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See*

---

[2] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:17cv139-MCR-CJK

*Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where plaintiff failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where plaintiff failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

2. That all pending motions be DENIED AS MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of September, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.